IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Criminal Action No. 09-cr-301-JLK

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.

1.     **DANIEL ANDRES MORONES,**
2.     **JOSE AUGUSTIN PLUMA,**
3.     **JUAN MARTIN RUELAS,**
4.     **MARK ROSALEZ,**
5.     **JUSTIN HERNANDEZ,**

        Defendants.

---

ORDER

---

On January 27, 2010, I granted a Defense motion requesting a *James* hearing to determine the admissibility of coconspirator statements pursuant to Fed. R. Evid. 801(d)(2)(E). The government submitted a proffer of coconspirator statements which it may offer at trial pursuant to 801(d)(2)(E), Doc. 299, and the Defendants have responded, Docs. 327, 330, 331, 332, 333, 334. Collectively, Defendants object to the introduction of coconspirator statements under 801(d)(2)(E). In its reply to Defendants' responses to its proffer, the government argues that a *James* hearing is not necessary in this case and urges me to base my factual findings of admissibility under 801(d)(2)(E) on its proffer, its supplement to its proffer, and submitted exhibits. For the reasons stated below, I find it unnecessary to hold a costly, time-consuming *James* hearing and I will determine the admissibility of the proffered co-conspirator statements based on the government's proffer and supplemental proffer, as well as the Defendants' responses.

Under the Federal Rules of Evidence, hearsay is generally inadmissible. Fed. R. Evid. 802. There are numerous exceptions to this general prohibition, however, and the rules specifically provide for the admissibility of "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). In order to admit a statement under this exclusion, a trial court must first find the following elements by a preponderance of the evidence: "(1) that a conspiracy existed; (2) that the declarant and the defendant were both members of the conspiracy; and (3) that the statements were made in the course and in furtherance of the conspiracy." *United States v. Hall*, 473 F.3d 1295, 1302-03 (10th Cir. 2007)(quoting *United States v. Sinclair*, 109 F.3d 1527, 1533 (10th Cir. 1997)). Though a trial court may consider the tendered coconspirator statements when determining whether the predicate conspiracy existed, such statements "are not alone sufficient to establish . . . the existence of the conspiracy and the participation therein of the declarant and the party against whom the statement is offered . . .." Fed. R. Evid. 801(d)(2). There must be independent evidence – evidence other than the proffered coconspirator statements themselves – of the predicate conspiracy. *See United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1996). "Such independent evidence may be sufficient," however, "even when it is not 'substantial.'" *Id.*

The process for determining admissibility of coconspirator statements is governed by Federal Rule of Evidence 104(a) which stipulates that the court, in determining the admissibility of evidence, "is not bound by the rules of evidence except those with privileges." Accordingly, in determining the admissibility of statements under 801(d)(2)(E), the trial court need not conduct a full testimonial evidentiary hearing. It may base its determination on written and oral proffers and summary evidence. *See Hernandez*, 829 F.2d at 994 ("At times, the court will be

able to make its determination on the basis of proffers . . ..").  Accordingly, a trial court may make these factual determinations using either of two procedures:  "(1) It may hold a *'James hearing'* outside the presence of the jury to determine whether the predicate conspiracy existed, or (2) it may provisionally admit the evidence with the caveat that the evidence must 'connect up' during trial, i.e. that the party offering the evidence must prove the existence of the predicate conspiracy through trial testimony or other evidence."  *United States v. Owens*, 70 F.3d 1118, 1123 (10th Cir. 1995); *see United States v. Gonzalez-Montoya*, 161 F.3d 643, 649 (10th Cir. 1995).  Though the 10th Circuit has expressed a "strong preference for *James* proceedings where the government relies on coconspirator statements," *Gonzalez-Montoya*, 161 F.3d at 648, the choice of procedure "remains within the discretion of the trial court based on the particular configuration of the government's evidence and the constraints of a multi-defendant trial."[1]  *United States v. Roberts*, 14 F.3d 502, 514 (10th Cir. 1993).

The 10th Circuit's ruling in *United States v. Roberts* is particularly instructive.  There, the 10th Circuit upheld the district court's reliance on a written proffer to determine the admissibility of coconspirator statements even though the government's written proffer "mainly summarized the evidence [the government] intended to offer at trial and did not adequately specify which coconspirator statements would be presented to the jury."  In approving this decision, the 10th Circuit specifically noted "the district court's concern about the potential unwieldiness of a hearing, its invitation to the parties to press continuing objections, and its

---

[1] Of note, the 10th Circuit is rather extreme in its preference for *James* hearings.  As an example, the 7th Circuit has expressly discouraged "full blown" preliminary hearings, finding them to be "inefficient and potentially duplicative."  *United States v. McClellan*, 165 F.3d 535, 554 (7th Cir. 1999).  Instead, the 7th Circuit has endorsed determining admissibility based on a government proffer subject to subsequent proof of proffered evidence at trial.  *See United States v. Andrus*, 775 F.2d 825, 837.

contemporaneous rulings and limiting instructions during trial . . ..." *Id.* at 514.

I find that the government's proffer in this case provides sufficient basis for determining the existence of a conspiracy and the admissibility of statements made by the coconspirators in furtherance of that conspiracy. The government's proffer also provides sufficient disclosure to Defendants of the coconspirator statements the government intends to introduce at trial.

As the scheduled *James* hearing in this case would place a significant burden upon the Court and consume precious judicial resources, I will make this preliminary admissibility determination based on the government's proffer of evidence and Defendants' objections. Each such proffer is, however, subject to reconsideration at trial should the government fail to provide evidence supporting the assertions contained in the proffer. I believe this process will, consistent with the 10th Circuit's preference, avoid unnecessary delays at trial while also allowing the Court and the parties to best allocate their resources in the pursuit of justice in this case. Accordingly, the *James* hearing in this case is vacated and the preliminary ruling is that the government has produced evidence providing a sufficient basis for establishing the existence of the conspiracy as charged in the indictment.

Dated: May 21, 2010                                                    BY THE COURT:

/s/ John L. Kane
Senior U.S. District Judge