IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 09-cr-00301-JLK

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1. DANIEL ANDRES MORONES,
2. JOSE AUGUSTIN PLUMA,
3. JUAN MARTIN RUELAS,
4. MARK ROSALEZ, and
5. JUSTIN HERNANDEZ,

       Defendants.

## ORDER

THIS MATTER comes before the Court on the United States' Motion for Authorization to Disclose Certain Discovery Materials, and Order for Protection of Those Discovery Materials. The Court, having considered the government's motion, makes the following findings of fact:

    1. The defendants are charged with the murder of a federal inmate at the Federal Correctional Institution in Florence, Colorado. The defendants were each inmates at that time, and there were additional inmates, including coconspirators, who may be witnesses in this case.

    2. Acting pursuant to its discovery obligations, the government has obtained certain records from the Federal Bureau of Prisons (BOP) for many of the potential

inmate witnesses. These records contain sensitive personal information, such as medical and mental health records. Some information contained within these records may potentially implicate the government's discovery requirements under *Giglio v. United States*, 405 U.S. 150, 154 (1972) and its progeny.

3. Due to the privacy concerns associated with these records, the government requests the Court's authorization to produce these documents to the defense. It also seeks a protective order governing the disclosure and use of these discovery materials by the defense.

WHEREFORE IT IS HEREBY ORDERED AS FOLLOWS:

4. The Court hereby authorizes the government, represented by the United States Department of Justice and its agents and representatives, to provide pertinent BOP records, including medical and mental health records, to defense counsel in order to ensure full compliance with its discovery obligations. The Court has determined that the need for disclosure of such records outweighs the privacy concerns against disclosure.

5. The government will provide defense counsel with a copy of the documents on a compact disc. The disc will be clearly identified as containing protected materials. Defense counsel shall keep the documents, and any notes or other materials prepared based upon or referring to information in these documents, in confidence and shall use them exclusively in connection with this case (including trial preparation, trial, and appeals or other related legal proceedings) and for no other purpose.

6. The documents may be viewed only by defense counsel, and only as necessary

for the purposes of preparing a defense in this particular case.  The documents shall not be viewed by, or disclosed to, any other person, including the defendant.  The information contained within the subject documents shall not be disclosed to any other person, including the defendant, without advance authorization from this Court.

7. Defense counsel shall only make such copies as are necessary to prepare a defense of this criminal case.  No person other than defense counsel shall make any copy of these materials for any purpose whatsoever.  No copies of these documents shall be provided to any person without advance authorization of the Court.

8. At the conclusion of this case, defense counsel shall collect all copies of the subject materials and return them to the government within 10 days of the entry of the Court's judgment.

9. A copy of this Order shall be kept with the documents at all times.

10. To the extent that the Privacy Act, the Health Insurance Portability and Accountability Act of 1996 (HIPAA), the privacy rules set forth at 45 C.F.R. Parts 160 and 164, or any other privacy right may be asserted as a basis for withholding these documents or portions of the documents, the Court hereby authorizes the United States Department of Justice and its agents or representatives to produce the subject documents because the information contained therein is relevant to the subject matter involved in the pending case, or appears reasonably calculated to lead to the discovery of admissible evidence, and the need for disclosure of such documents outweighs concerns against disclosure so long as the protective measures contained within this order are taken.

11. Any deviation or variance from this protective order requires advance authorization from the Court.

DATED this 30th day of June, 2010.

BY THE COURT:

*s/John L. Kane*

JOHN L. KANE, SENIOR JUDGE
UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO