IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 09-cr-00301-JLK

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1. DANIEL ANDRES MORONES,
2. JOSE AUGUSTIN PLUMA,
3. JUAN MARTIN RUELAS,
4. MARK ROSALEZ, and
5. JUSTIN HERNANDEZ,

       Defendants.

## PROTECTIVE ORDER

THIS MATTER comes before the Court on the United States' Motion for Protective Order for Certain Discovery Materials - Plea Agreements. The Court, having considered the government's motion, makes the following findings of fact and rulings:

1. The defendants are charged with conspiracy and murder related to the December 29, 2008 homicide of a federal inmate at the Federal Correctional Institution (FCI) in Florence, Colorado. The defendants were also inmates at the time of the murder. The indictment alleges that the defendants and three inmate coconspirators conspired together and beat the victim to death in a cell at the FCI.

2. The coconspirators were charged separately for their roles in the homicide. These coconspirators have reached agreements with the government and are expected to

testify at trial. Their written plea agreements are under seal with the District Courts in their respective cases.

3. Pursuant to its discovery obligation under *Giglio v. United States*, 405 U.S. 150, 154 (1972), the United States will provide copies of those plea agreements to the defense. However, considering the nature and circumstances of this case, the Court finds the unfettered distribution of these documents could endanger the safety of the cooperating inmate witnesses.

WHEREFORE IT IS HEREBY ORDERED AS FOLLOWS:

4. The government shall provide defense counsel with a copy of these documents. Defense counsel shall use them exclusively in connection with this case (including trial preparation, trial, and appeals or other related legal proceedings) and for no other purpose.

5. The documents may be viewed by defense counsel, the defendant, and members of the defense team as necessary for the purposes of preparing a defense in this particular case. The documents shall not be viewed by, or disclosed to, any other person other than defense counsel, the defendant and members of the defense team. The information contained within the subject documents shall not be disclosed to any other person, other than those noted above, without advance authorization from this Court. Defense counsel shall ensure that all persons in his/her office who are to handle such information read this Order and are informed of their responsibility to safeguard this information.

6. Defense counsel shall make only such copies as are necessary to prepare a

defense in this criminal case. No copies of these documents shall be provided to the defendant under any circumstances without petition to and further order of the Court. The defendant may view the documents as necessary, but only while in the direct presence of defense counsel.

      7. No copies of these documents shall be provided to any inmate of any prison facility - federal, state, or local - without petition to and further order of the Court. The information contained within the subject documents shall not be disclosed to any inmate, other than the defendant, without advance authorization from this Court.

      8. A copy of this Order shall be kept with the documents at all times. Any deviation or variance from this Order requires advance authorization from the Court.

      DATED this 21st day of July, 2010.

                                BY THE COURT:

                                s/John L. Kane  
                                JOHN L. KANE, SENIOR JUDGE  
                                UNITED STATES DISTRICT COURT  
                                DISTRICT OF COLORADO