**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Judge John L. Kane

Criminal Case **No. 09-cr-00301-JLK**

**UNITED STATES OF AMERICA**,

      Plaintiff,

v.

1. **DANIEL ANDRES MORONES**,
2. **JOSE AUGUSTIN PLUMA**,
3. **JUAN MARTIN RUELAS**,
4. **MARK ROSALEZ**, and
5. **JUSTIN HERNANDEZ**,

      Defendants.

---

**PROTECTIVE ORDER**

---

This matter is currently before me ont on the United States' Motion for Authorization to Disclose Certain Discovery Materials and Order for Protection of Those Discovery Materials (doc. 657). Having considered the above, I make the following findings of fact:

1. The defendants are charged with the murder of a fellow inmate at the Federal Correctional Institution (FCI) in Florence, Colorado. There are several inmate witnesses who will testify at trial.

2. In an effort to comply with its discovery obligations, the government has obtained records, including mental health records, for many of the potential witnesses. Some of these records contain sensitive personal information, such as medical and mental health records. I previously authorized the disclosure of BOP mental health records for several witnesses. *See* doc. 441. Recently, government counsel obtained a court-ordered competency evaluation report

for a cooperating witness. Some information contained within that report may potentially implicate the government's discovery requirements under *Giglio v. United States*, 405 U.S. 150, 154 (1972) and its progeny. The witness, through his counsel, has agreed to the release of the competency evaluation report with an appropriate protective order governing its use and dissemination.

3. Due to the privacy concerns associated with these records, the government requests my authorization to produce these documents to the defense. It also seeks a protective order governing the disclosure and use of these discovery materials by the defense.

WHEREFORE IT IS HEREBY ORDERED AS FOLLOWS:

4. I hereby authorize the government, represented by the United States Department of Justice and its agents and representatives, to provide pertinent mental health records, including the relevant court-ordered competency evaluation, to defense counsel in order to ensure full compliance with its discovery obligations. I have determined that the need for the disclosure of such records outweighs the privacy concerns against disclosure.

5. The government will provide defense counsel with a copy of the documents on colored paper. The documents will be identified as protected materials. Defense counsel shall keep the documents, and any notes or other materials prepared based upon or referring to information in these documents, in confidence and shall use them exclusively in connection with this case (including trial preparation, trial, and appeals or other related legal proceedings) and for no other purpose.

6. The documents may be viewed by defense counsel, the defendant, and members of the defense team only as necessary for the purposes of preparing a defense in this particular

case. The documents shall not be viewed by, or disclosed to, any other person other than defense counsel, the defendant and immediate members of the defense team. The information contained within the subject documents shall not be disclosed to any other person, other than those noted above, without advance authorization from this Court. The records may be viewed only as necessary for the purposes of preparing a defense in this particular case, and, with respect to staff personnel, the records may only be viewed by necessary staff while they are operating under the direct supervision and control of defense counsel. Defense counsel shall ensure that all persons in his/her office who are to handle such information read this Order and are informed of their responsibility to safeguard this information.

7. Defense counsel shall make only such copies as are necessary to prepare a defense of this criminal case. No copies of the records shall be provided to the defendant under any circumstances without petition to and further order of the Court. The defendant may view the documents as necessary, but only while in the direct presence of defense counsel.

8. At the conclusion of this case, defense counsel shall collect all copies of the subject materials and return them to the government within 10 days of the entry of the Court's judgment.

9. A copy of this Order shall be kept with the documents at all times.

10. To the extent that the Privacy Act, the Health Insurance Portability and Accountability Act of 1996 (HIPAA), the privacy rules set forth at 45 C.F.R. Parts 160 and 164, or any other privacy right may be asserted as a basis for withholding these documents or portions of the documents, I hereby authorize the United States Department of Justice and its agents or representatives to produce the subject documents because the information contained therein is

relevant to the subject matter involved in the pending case, or appears reasonably calculated to lead to the discovery of admissible evidence, and the need for disclosure of such documents outweighs concerns against disclosure so long as the protective measures contained within this order are taken.

11. Any deviation or variance from this protective order requires advance authorization from the Court.

Dated: March 10, 2011                     BY THE COURT:

**/s/ John L. Kane**
Senior U.S. District Judge